**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000
Roger L. Cohen (004409)
rlc@jaburgwilk.com
Kathi Mann Sandweiss (011078)
kms@jaburgwilk.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Z3 Supply, LLC, an Arizona Limited Liability Corporation,<br><br>  Plaintiff,<br><br>v.<br><br>Jeff Mehl, husband, et al.,<br><br>  Defendants. | Case No. 2:14-cv-02479-DGC<br><br>**JOINT CASE MANAGEMENT REPORT** |

Pursuant to the Order filed January 21, 2015 (doc. 36), Plaintiff and Defendants met and conferred on February 27, 2015, as required by Rule 26(f), Fed.R.Civ.P., and submit the following Report:

1.   The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report:

Roger L. Cohen and Kathi M. Sandweiss for Plaintiff

David G. Barker for Defendants

2.   A list of the parties in the case, including any parent corporations or entities (for recusal purposes):

Plaintiff Z3Supply LLC, an Arizona limited liability corporation, also known as SIKK; no parent corporations or entities.

Defendants Jeff Mehl ("Mehl") and Sally Setiawati Mehl (who is also known as Sally Setiawati) ("Setiawati") are husband and wife and citizens of the State of Arizona.

1 Defendant Kingdom Bikes Corp. ("Kingdom Bikes") is an Arizona corporation;
2 no parent corporations or entities.
3     3.    A short statement of the nature of the case (3 pages or less):
4 Plaintiff filed this action for statutory trademark infringement, trade dress
5 infringement and unfair competition. Plaintiff alleges it is the designer, manufacturer,
6 and seller of custom beach cruiser bicycles (the "SIKK Products") since 2005, including
7 its men's and ladies size 26. In 2008, Plaintiff alleges it began manufacturing and
8 selling what it refers to as a Men's 29 inch XL cruiser for big and tall men.  In 2013,
9 Plaintiff alleges it designed and sold the new Fat Tire Cruiser model, utilizing the 29 XL
10 frame and incorporating extra-wide tires (the "Fat Tire Cruiser").  Plaintiff alleges it
11 has trademark rights in "FAT TIRE CRUISER."
12 Defendants deny that Plaintiff has ever used "FAT TIRE CRUISER" as a
13 trademark.
14 Defendants allege that Plaintiff has no rights in the phrase "fat tire cruiser,"
15 including because it is a descriptive phrase for a beach cruiser bicycle with wide tires,
16 and many companies in the bicycle industry use similar phrases and offer similar
17 products.  Defendants deny that Plaintiff Z3 Supply is the designer, manufacturer, or
18 seller of the bicycles advertised on sikkinc.com in connection with the business names
19 Sikk Inc. and AZ Beach Bikes.  Defendants allege that Ken Ondrejko ("Ondrejko")
20 operates Z3 Supply, Sikk Inc., and AZ Beach Bikes. Plaintiff denies each of the
21 allegations in this paragraph.
22 Plaintiff alleges, and Defendants deny, that (1) Plaintiff is the first and only
23 designer of the Fat Tire Cruiser; (2) the Fat Tire Cruiser has a distinctive look that
24 customers identify and connect with its designer and owner; (3) the combination of
25 frame style and fat tires is aesthetically unique to Plaintiff; and (4) the Fat Tire Cruiser
26 is custom-manufactured for Plaintiff by its Chinese factory.
27 In July or August of 2013, Ondrejko brought a sample of the Fat Tire Cruiser to
28 the Scottsdale Pavilions weekly car show.  Plaintiff alleges and Defendants deny the

2

1  bicycle was branded as a FAT TIRE CRUISER. At the show, Defendant Mehl
2  approached Ondrejko and asked to sell Sikk Inc. products.

3  Plaintiff alleges, and Defendants deny that Plaintiff thereafter sold Mehl and
4  Setiawati, at dealer price, for sale at local car shows, a small number of FAT TIRE
5  CRUISERS, but did not otherwise authorize Defendants to (1) sell the FAT TIRE
6  CRUISER or any other SIKK Products; (2) appropriate Plaintiff's design; (3)
7  manufacture, copy or import the FAT TIRE CRUISER, or any other of the SIKK
8  Products, or their respective designs.

9  Defendants allege that Ondrejko sold Defendants a number of Sikk Inc. bicycles.
10 Defendants allege that the Sikk Inc. bicycles Defendants bought had no nonfunctional
11 characteristics or features that are protectable as trade dress. Defendants allege that the
12 bicycles Defendants bought were not marked with the phrase "fat tire cruiser." Plaintiff
13 denies each of the allegations in this paragraph.

14 After acquiring the FAT TIRE CRUISER from Plaintiff, Plaintiff alleges and
15 Defendants deny that Defendants sent photographs to Chinese manufacturers to copy
16 the SIKK Products, including both men's and women's models of the FAT TIRE
17 CRUISER.

18 Plaintiff alleges, and Defendants deny that (1) Defendants also sent specs and
19 other materials to the Chinese manufacturers; (2) Defendants are importing and selling
20 copies of the FAT TIRE CRUISER in the District of Arizona; (3) The product
21 Defendants are selling is an exact replica of Plaintiff's FAT TIRE CRUISER; (4)
22 Defendants do not use any sticker or other means to identify their products as designed
23 and owned by Plaintiff; (5) Defendants misappropriated Plaintiff's trademark FAT
24 TIRE CRUISERS and copied Plaintiff's sales pitch.

25 Defendants allege that neither Plaintiff nor Ondrejko has trademark, trade dress,
26 or other rights that prevent anyone from copying the Fat Tire Cruiser. Defendants
27 allege that Ondrejko is using Z3 Supply to attempt to quash legitimate competition
28

3

1  through misuse of alleged trademark and trade dress rights. Plaintiff denies each of the
2  allegations in this paragraph.
3      Plaintiff alleges, and Defendants deny that Defendants' advertisements and
4  website statements regarding their copies of the FAT TIRE CRUISER are false; fail to
5  identify Plaintiff as the designer and manufacturer of the FAT TIRE CRUISER; falsely
6  represent that Plaintiff was not the designer; and constitute unfair competition, including
7  false advertising, palming off and infringement.
8      Plaintiff alleges claims for trademark infringement under 15 U.S.C.
9  §1125(a)(1)(A); trade dress infringement under 15 U.S.C. §1125(a)(1)(A); and unfair
10 competition under 15 U.S.C. §1125(a)(1)(B).  Plaintiff seeks preliminary and permanent
11 injunctions, compensatory damages and punitive damages.  Defendants deny all claims.
12     4.    The jurisdictional basis for the case, describing the basis for jurisdiction
13 and citing specific jurisdictional statutes:
14     This is an action for trademark infringement, trade dress infringement, and unfair
15 competition pursuant to 15 U.S.C. §1125(a). This Court has subject matter jurisdiction
16 pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338, and 28 U.S.C. § 1367 because this
17 matter arises under trademark laws of the United States.
18     5.    Any parties which have not been served and an explanation of why they
19 have not been served, and any parties which have been served but have not answered or
20 otherwise appeared:
21     All parties have been served and Defendants have filed a joint Answer to
22 Amended Complaint.
23     6.    A statement of whether any party expects to add additional parties to the
24 case or otherwise to amend pleadings (the Court will set a deadline after the Case
25 Management Conference to join parties or amend pleadings):
26     The parties agree that pleadings will be amended to add additional parties by no
27 later than April 17, 2015.
28

7. A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705):

Upon completion of certain discovery, including the depositions of Mehl and Setiawati, Plaintiff may file an Application for Preliminary and Permanent Injunction. The issues to be decided on the Application are whether (1) Plaintiff is likely to succeed on the merits of its Complaint; (2) the irreparable harm suffered by Plaintiff is not remediable by damages if injunctive relief is not granted; (3) the harm that Plaintiff suffers, and continues to suffer, is as a result of the actions of Defendants in misappropriating Plaintiff's trade secrets and trade dress, including (a) targeted advertising and mailings directed towards Plaintiff's customers by Defendants; (b) appearances by Defendants at trade shows, selling and attempting to sell products that are identical in appearance to those designed, manufactured and sold by Plaintiff; and (c) actual consumer confusion between Defendants' products and Plaintiff's products.

Both sides contemplate filing appropriate motions for summary judgment on all issues.

8. Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial:

The parties agree that the case is properly referred to a Magistrate Judge for a settlement conference and request that both the referral and the scheduling of a settlement conference be at the earliest possible date. The parties have been engaged in settlement discussions and believe an early settlement conference will advance the prospects of settlement.

9. The status of related cases pending before other courts or other judges of this Court:

None.

10. A discussion of any issues relating to disclosure or discovery of electronically stored information, including the parties' preservation of electronically

5

stored information and the form or forms in which it will be produced (see Rules 16(b)(3), 26(f)(3)):

To date there have been no issues relating to electronically stored information and both sides are complying with their obligations to preserve ESI and intend to properly disclose when appropriate.

The parties agree to produce ESI in PDFs with searchable text.

11. A discussion of any issues relating to claims of privilege or work product (see Rules 16(b)(3), 26(f)(3)):

To date, there have been no issues relating to claims of privilege or work product. On December 23, 2014, the Court entered a Confidentiality and Protective Order (doc. 29) in accordance with the parties' stipulation, to control the disclosure, dissemination, copying and use of confidential information in the litigation and any settlement discussions.

12. A discussion of whether an order under Federal Rule of Evidence 502(d) is warranted in this case:

The parties agree that this issue is covered in the Confidentiality and Protection Order, ¶14, and that no further orders are warranted.

13. A discussion of necessary discovery, including:

A. The extent, nature, and location of discovery anticipated by the parties: The parties agree that all discovery served by either party to date is withdrawn and that discovery will commence on or after March 27, 2015. The parties may serve requests for production, interrogatories, and requests for admission. The parties currently anticipate the following depositions:

Ken Ondrejko

Rule 30(b)(6) deposition of Z3 Supply, LLC

Kanokwan Ondrejko

Jeff Mehl

Sally Mehl

6

Rule 30(b)(6) deposition of Kingdom Bikes

  B. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure: None

  C. The number of hours permitted for each deposition: 4

14. A statement of when the parties exchanged or will exchange Federal Rule of Civil Procedure 26(a) initial disclosures:

The parties intend to exchange their initial disclosures on March 27, 2015.

15. Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):

  A. A deadline for the completion of fact discovery: July 31, 2015.

  B. Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C): The party with the burden of proof on an issue will disclose its expert witness, if any, and the witness reports by June 26, 2015; the party without the burden of proof on an issue will disclose its responsive expert witness, if any, and the witness reports, by August 28, 2015; the party with the burden of proof on an issue will disclose its rebuttal report by October 2, 2015.

  C. A deadline for completion of all expert depositions: October 16, 2015.

  D. A date by which the parties shall have engaged in face-to-face good faith settlement talks:  The parties agree that they would like to engage in mediation with a magistrate judge at the earliest possible date, but in any event, not later than May 1, 2015.

  E. A deadline for filing dispositive motions: November 20, 2015.  The parties agree to cooperate as to scheduling, deadlines and extensions for responses and replies, to accommodate the 2015 holidays.

16. Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, briefly set forth the reasons):

Plaintiff has requested a jury trial and Defendants have not contested it.

17. The prospects for settlement, including any request of the Court for assistance in settlement efforts: The parties are engaged in serious settlement discussions and agree that the early assistance of a magistrate judge would be useful.

18. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1. None.

DATED this 11th day of March, 2015.

**Jaburg & Wilk, P.C.**

*/s/ Roger L. Cohen*
Roger L. Cohen
Kathi Mann Sandweiss
Attorneys for Plaintiff

**Snell & Wilmer, LLP**

*/s/ David Barker w/Permission*
David G. Barker
Attorney for Defendants

*Certificate of Service*

I hereby certify that on the 11th day of March, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

David G. Barker, Esq.
Joseph G. Adams, Esq.
Trisha D. Farmer, Esq.
SNELL & WILMER, LLP
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2202
Attorneys for Defendants

*/s/ Ana M. Canby*

8